HALL, Chief Judge.
Certain members of the Fire Department of the City of Bastrop filed a petition against the City of Bastrop, Mayor John S. Bond, and City Attorney Charles Gladney alleging that the defendants negligently or intentionally failed to obtain the withdrawal of the plaintiffs from the Social Security system in connection with the establishment of a retirement plan for the City’s firemen. Plaintiffs prayed for damages totaling $1,213,800.00. The defendants filed exceptions of prescription and no cause of action. The trial court overruled defendants’ exception of prescription; however, the trial court sustained the exception of no cause of action and allowed plaintiffs ten days to amend their petition to state a cause of action. An appeal was taken from the judgment sustaining the exception of no cause of action. In Williams v. City of Bastrop, 458 So.2d 221 (La.App.2d Cir. 1984), this court dismissed the appeal because the judgment sustaining the exception of no cause of action was not final due to the fact that it did not unconditionally dismiss the suit. The trial court subsequently entered a judgment of dismissal with prejudice. Plaintiffs again appealed contending that the trial court erred in sustaining defendants’ exception of no cause of action. Defendants have answered the appeal contending that the trial court erred in overruling defendants’ exception of prescription.
PLAINTIFF’S ALLEGATIONS
The essential allegations of plaintiffs’ petition, as clarified somewhat by stipulation of the parties, are as follows. Plaintiffs are members of the Bastrop Fire Department. Prior to 1972 Bastrop firemen were not under a “private” retirement plan and were paying social security taxes. In 1972 the members of the fire department made known to the City their intention to formu *120 late a private retirement plan and hired an attorney to draw up the plan. Upon approval of the plan in 1972 the City ceased withholding and paying social security taxes from the salaries of and on behalf of the members of the fire department. Members of the fire department did not pay social security taxes until July 1982 at which time they were informed by the City that they would have to pay social security taxes; however, they were informed that these tax payments would only be for a period of 18 months as the City was to make a proper application for exclusion of the firemen from the provisions of the social security act. The members of the fire department acquiesced in this proposal as they were under the mistaken impression that social security tax payments would terminate in December 1983. Due to the passage of public law 98-21 on April 24, 1983 the City was prohibited from terminating social security coverage of the firemen. The City had sufficient notice prior to the effective date of public law 98-21 to properly present to the social security administration a plan to exclude city employees, including members of the fire department, from coverage of the social security act. Notwithstanding such sufficient notice the City failed to take the necessary and proper steps to insure that the desired exclusion was timely perfected. The failure to timely perfect a proper and valid exclusion was due solely to the fault and negligence of the City and its officers and employees. Additionally, if the original attempted exclusion of the firemen from social security coverage had been properly perfected the firemen would not have to now pay social security taxes. The City breached its duty to the firemen by failing to secure an exclusion from coverage of the social security act in 1972 in addition to the failure to make timely application for such exclusion at a later date. As a result, the firemen must pay both social security taxes and retirement fund contributions. Plaintiffs prayed for damages designated as “lost income” equal to social security taxes withheld and to be withheld from their wages.
By stipulation of counsel for plaintiffs, the petition was amended “so that the only allegations of fault, negligence, breach of duty or intentional acts of any of the defendants contained therein are to be considered and understood to be solely the alleged failure of the defendants to have the plaintiffs withdrawn from the social security system and any damages claimed by plaintiffs must solely be the result of the nonwithdrawal of plaintiffs from the social security system.”
Plaintiffs make no claim in regard to social security taxes which were due prior to July, 1982 when the City started making deductions from their pay checks. The City paid all prior amounts due, including the employees’ portion.
BACKGROUND
As originally enacted in 1935, Sec. 218 of the Social Security Act (now codified as 42 U.S.C. § 418) expressly excluded service performed in the employ of a state or political subdivision from coverage due to the constitutional limitations on federal taxation of the states. In 1950, Congress amended Sec. 218 to allow coverage for state and local employees not covered by state retirement systems through voluntary agreements between a state and the Federal Security Administrator, the predecessor of the Secretary of Health, Education, and Welfare. These amendments enabled a state to agree to coverage of services performed by individuals as employees of a state or any political subdivision thereof, the agreement to be applicable to any one or more coverage groups. A “coverage group” is defined in the Act, inter alia, as “employees of a political subdivision of a State other than those engaged in performing service in connection with a proprietary function.”
Such an agreement was entered into between the State of Louisiana through the Public Employees Board and the federal government, pursuant to the authority contained in Act 204 of 1952 (LSA-R.S. 42:1001-1011). Accordingly, employees of municipalities not covered by a state retirement system, such as the plaintiff-firemen *121 in this case, were covered under federal social security.
Under Sec. 218(g) of the Social Security Act, coverage of a coverage group could be terminated by the state upon giving at least two years advance notice in writing to the federal government.
The parties to the instant litigation agree that social security coverage of the plaintiff-firemen was not effectively terminated under Sec. 218(g) because the attempted termination in 1972 was not applicable to an entire “coverage group”, that is, to all of the employees of the municipality except those performing proprietary functions. The record does not reflect whether or not the required two years notice was given by the state through the Public Employees Board (whose functions were transferred to the Department of the Treasury by Act 766 of 1978, LSA-R.S. 36:769).
Public Law 98-21 amended codified See. 418(g) to provide that no agreement may be terminated in its entirety or with respect to any coverage group on or after April 20, 1983.
As a matter of federal law, the approval by the City Council of a retirement plan for firemen and the adoption of the plan by legislative act in 1972 (Act 23 of 1972) did not have the contemplated effect of withdrawing the firemen from social security coverage. In order for municipal employees to be withdrawn from social security coverage it was necessary that all members of the “coverage group”, that is, all employees of the municipality except those performing proprietary duties, be withdrawn from such coverage. Federal law further required two years notice of any request for withdrawal from coverage, which request must be made by the state through its duly authorized agency. See 42 U.S.C. 418(g)(1).
In this case the City was required to resume withholding social security taxes from the firemen’s wages because the firemen were not effectively withdrawn from social security coverage in that all city employees were not withdrawn. Although the City Council took action in December 1981 to approve withdrawal of all city employees, it was never possible to do so because in April 1983 Congress enacted a law prohibiting any further withdrawals from the system by municipal and state employees, which action of Congress took place prior to the expiration of the two year notice period after the City’s resolution was adopted.
EXCEPTION OF NO CAUSE OF ACTION
The plaintiffs’ petition does not set forth a cause of action for damages against the City or its officers. In 1972 the City undertook to substitute a retirement plan for firemen in the place of social security coverage. This was a legal impossibility under federal law. It could not be accomplished, not because of any fault or negligence on the part of the City, but because federal law did not allow it. The firemen/employees have no right to recover damages from the City measured by the amount they are required by law to pay in social security taxes resulting from the fact that they remain under social security coverage.
Plaintiffs claim no damages or loss arising from their participation in or contributions to the state retirement plan established for their benefit. Their only claim, clarified and made specific by their stipulation, is that the City failed to “properly” withdraw them from social security coverage. This the City could not legally do under the plan proposed by the firemen and adopted by the City and the Legislature.
Plaintiffs argue that the City could have successfully caused withdrawal of the firemen from social security in 1972 by requesting withdrawal of all city employees. That it would have been possible in 1972 to have the firemen withdrawn from social security if the City had caused retirement plans to be established for all other municipal employees and sought their withdrawal from social security coverage does not help the plaintiffs’ case. There are no allegations that the City or the firemen ever contemplated such action in 1972. The City owed no duty to the firemen to *122 take discretionary, legislative action relating to other city employees in order to afford the desired result to the firemen, either in 1972 or later when it was discovered that the firemen remained under social security coverage.
There being no duty on the part of the City to take steps to request the withdrawal of all city employees from social security coverage, and such action having become impossible by reason of the freeze adopted by Congress in 1988, there can be no delic-tual responsibility on the part of the City arising out of the dual coverage of firemen under the state retirement plan adopted by the Legislature at the firemen’s request and federal social security as mandated by federal law.
EXCEPTION OF PRESCRIPTION
Our affirmance of the judgment sustaining the exception of no cause of action is dispositive of the case and it is unnecessary to consider the correctness of the trial court’s ruling on the exception of prescription.
DECREE
For the reasons assigned the judgment of the district court sustaining the defendant’s exception of no cause of action and dismissing plaintiffs’ suit is affirmed, at plaintiffs-appellants’ cost.
AFFIRMED.